IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIM LEE
MILLIGAN, SR.,

           Plaintiff,

           v.                       CASE NO.  10-3112-SAC

JOHN P. BENNETT,
et al.,

           Defendants.

**O R D E R**

Upon initial screening of this complaint, the court entered an order finding it was subject to being dismissed for several reasons, including that petitioner's claims of entitlement to release and dismissal of state charges may only be sought by petition for writ of habeas corpus, that Mr. Millligan has not exhausted all state court remedies on his habeas claims, and that the named defendants are immune to suit for money damages. Plaintiff was given time to show cause why this action should not be dismissed for the stated reasons.  In addition, the court assessed an initial partial filing fee of $6.00.  Plaintiff has paid the partial fee, and has filed a Response with several exhibits attached.

Having considered all materials filed by plaintiff, the court finds this action must be dismissed for the reasons stated herein and in its Order dated June 8, 2010.  Plaintiff does not show in his Response that he has properly presented all challenges

to his current detention and pending probation violation charges to the state district court in which such charges are pending, and to the state appellate courts by appealing any district court decision. Instead, he simply re-argues his claims and advises of and exhibits several pro se pleadings he has apparently submitted in Johnson County District Court despite his having appointed counsel in those proceedings. It follows that Mr. Milligan is not entitled to proceed on his habeas corpus claims in federal court at this time, and his habeas claims are dismissed without prejudice.

Furthermore, plaintiff has not alleged any facts controverting the court's findings herein that the State judge and district attorney named as defendants were acting within the scope of their official duties and are thus absolutely immune to his suit for money damages. Consequently, his claims for money damages are plainly subject to being dismissed under 28 U.S.C. § 1915A(a) and (b) as seeking relief from defendants immune from such relief.

**IT IS THEREFORE ORDERED** that plaintiff's habeas corpus claims improperly raised herein are dismissed without prejudice, and this civil complaint for money damages is dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, and plaintiff is assessed the remainder of the full filing fee herein to be

collected through automatic payments from his inmate account.[1]

The clerk is directed to transmit a copy of this Order to the finance officer at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2010, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

[1] As plaintiff was previously informed, pursuant to 28 U.S.C. §1915(b)(1), he remains obligated to pay the remainder of the full district court filing fee which is currently $350.00. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.